The Honorable Johnny Key State Representative 1105 Delwood Lane Mountain Home, Arkansas 72653-5601
Dear Representative Key:
I am writing in response to your request for an opinion concerning the acquisition of solid waste facilities by a solid waste management district. Specifically, you reference subsection (e) of A.C.A. §8-6-711, which states that: "Nothing in this section shall be construed to give a district the power to make an acquisition described herein without the consent of the municipalities, counties, improvement districts, or sanitation authorities involved." You pose the following questions:
 With respect to municipalities and counties, how is this consent conveyed? Does it require action by the respective city councils and/or quorum courts?
RESPONSE
It is my opinion that the consent referenced in A.C.A. § 8-6-711(e) must be expressed by action of the city council of a municipality and by the county judge and county court on behalf of the county.
A more detailed review of the statute giving rise to your question is necessary. Section 8-6-711 appears in a subchapter that governs the creation and operation of regional solid waste management districts. The subchapter creates eight regional solid waste management districts, governed by boards consisting of representatives of the counties and most populous cities within the district. Section 8-6-711, the statute about which you inquire, is entitled "District solid waste management system." It details a regional district's power to deal in facilities for the collection, disposal and handling of solid waste. It provides in full as follows:
 (a) A district is authorized to own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning, or otherwise deal in facilities of any nature necessary or desirable for the control, collection, removal, reduction, disposal, treatment, or other handling of solid waste.
(b)(1) A district may elect to acquire the ownership or use of elements of solid waste management systems owned or controlled by municipalities, counties, improvement districts, or sanitation authorities within the district by contract on such terms as are mutually agreed to be necessary, convenient, or desirable.
(2)(A) If the district has elected such acquisition of ownership or use, it shall also have assumed the responsibility associated with that project or element, as contemplated by § 8-6-714.
(B) If the district and the other entity or entities which are parties to the acquisition cannot mutually agree on the fair value to be paid and the method of compensation for the acquired asset, then either party may have that value and method adjudicated as to fairness by the chancery court having jurisdiction of the district's principal office, in the manner of a declaratory judgment and not in the nature of eminent domain.
 (C) The district shall have the discretion to proceed or not to proceed with the acquisition after the declaration is obtained.
 (c)(1)(A) A district may elect to seek a permit for a Class I landfill to be owned by the State of Arkansas.
 (B) Provided, however, that only one (1) such landfill shall be sited in each of the eight (8) planning and development districts established pursuant to § 14-166-202.
 (2) Upon the district's obtaining a permit to operate, ownership interest in said landfill shall be vested with the State of Arkansas through deed or other conveyance.
 (d) Existing and operating solid waste facilities within the district shall be incorporated into the district solid waste management plan, or the district shall acquire ownership of that facility in the manner set forth in subsection (b) of this section.
 (e) Nothing in this section shall be construed to give a district the power to make an acquisition described herein without the consent of the municipalities, counties, improvement districts, or sanitation authorities involved.
 Id. (Emphasis added).
Your question concerns the italicized portion, subsection (e), which requires the consent of a municipality or county before a regional solid waste management district may make an "acquisition described herein." In my opinion, subsection (e) requires the consent of a municipality or county whenever a regional solid waste management district attempts, under subsection (b) of A.C.A. § 8-6-711, to acquire elements of solid waste management systems owned or controlled by a municipality or county. Subsection (e), however, does not detail how the consent of a municipality or county to this acquisition is to be evidenced. To answer this question, reference must be had to any law regarding the sale of such municipal or county solid waste facilities or failing that, to the legal requirements for the sale of city or county property generally.
Arkansas statutes do not specifically address the sale of municipal or county solid waste facilities. See however, respectively, A.C.A. §§8-6-211 (a) and (e) (authorizing the "governing body" of a municipality to enter into agreements with one (1) or more other municipalities, counties or regional solid waste management districts to provide a solid waste management system and to establish policies for and enact laws concerning all phases of the operation of a solid waste management system); and 8-6-212 (a)(3) and (e) (authorizing a "county" to enter into agreements with other counties, one (1) or more municipalities, or regional solid waste management districts to provide a solid waste management system and to "issue orders" and establish policies for and "enact ordinances" concerning all phases of the operation of a solid waste management system). These statutes give some indication that municipal and county solid waste facilities are under the respective control of the city council in municipalities and the county judge, county court and/or quorum court in counties.
As noted above, therefore, reference to the general laws regarding the sale of municipal and county property is also necessary.
With regard to cities, A.C.A. § 14-54-302 sets out a municipal corporation's power to "buy, sell, convey, lease, rent or let any real estate or personal property owned or controlled by the municipal corporation." A.C.A. § 14-54-302(a). Subsection (c) of this same statute provides that: "The execution of all contracts and conveyances and lease contracts shall be performed by the mayor and city clerk or recorder, when authorized by resolution, in writing, approved by a majority vote of the city council present and participating." It seems clear, therefore, that the requisite consent to the sale of municipal solid waste facilities required in A.C.A. § 8-6-211 must be expressed in the form outlined in A.C.A. § 14-54-302(c), that is, executed by the mayor and city clerk after a resolution approved by the city council.
With regard to counties, the question is a bit more complicated. The county judge is given custody of county property in Amendment 55, § 3. Section 14-14-1102(b)(3) of the Arkansas Code provides that:
 The county judge, as the chief executive officer of the county, shall have custody of county property and shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property in the manner and procedure provided by law for the disposal of county property by the county court. . . .
The relevant statute governing the general sale of county property or assets is A.C.A. § 14-16-105. It provides that the "county court"[1] of each county shall have power to sell any real estate or personal property belonging to the county. A.C.A. § 14-16-105(a). Certain procedures are set out, including the requirement of an appraisal and either an auction or a sealed bid procedure, depending upon the value of the property. Under the sealed bid procedure, the sheriff, the treasurer and the circuit clerk act as a board of approval for the sales. A.C.A. §14-16-105 (e)(1)(A)(ii). Certain sales are excluded from the procedures outlined in the statute. A.C.A. § 14-16-105 (b)(3) and (4) and (f)(2)(A)(B) and (C).
In my opinion, the procedures for appraisal and sealed bids set out in A.C.A. § 14-16-105 do not apply to the sale of solid waste facilities authorized at A.C.A. § 8-6-711. The latter statute sets out a more specific procedure for the sale of such facilities, including that the sale be "by contract on such terms as are mutually agreed to be necessary, convenient, or desirable . . ." and that resort may be had to "chancery court" if an agreed price cannot be reached.[2] In my opinion, however, the general sale procedures of A.C.A. § 14-16-105
indicate that the county judge and the county court have authority to consent to the sale of county property. See A.C.A. §14-16-105(e)(4)(B)(i) and (ii), authorizing the county judge to "sell and convey" property and the county court to "enter an order approving the sale." In response to your question therefore, it is my opinion that the county judge and the county court have the authority contemplated in A.C.A. § 8-6-711 (e) to consent to the sale of county solid waste facilities to a regional solid waste management district.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] As stated in Op. Att'y. Gen. 97-081, "[t]he `county court' strictly speaking, is neither the `county judge' nor the quorum court. It is, however, presided over by one judge, the `county judge,' who, when so presiding, acts in a judicial, rather than an executive capacity. See
Arkansas Constitution, art. 7, § 28 and A.C.A. § 14-14-1105(a). . . . [I]t clearly still exists, and consists of the county judge, wearing a judicial hat."
[2] This statute contains an apparent internal inconsistency, requiring on the one hand that the sale be on such terms as are "mutually agreed" upon, and providing, on the other hand, a procedure in chancery court if an agreed price cannot be reached.